PER CURIAM.
This is an appeal by the plaintiff, Bus Benches Co., from a final decree in an action for declaratory relief. The County has filed cross assignments of error directed to a portion of the decree which denied the defendants’ counterclaim for “mesne profits” acquired by the plaintiff during a period in which some bus benches were placed in violation of the County Ordinance. We affirm the final decree upon the appeal and upon the cross appeal.
We adopt the opinion of the circuit judge as the opinion of this Court. It follows.
In the main, this case involves the validity of section 3-12 of the Code of Metropolitan Dade County, Florida, as amended by Or *525 dinance No. 64-57, and the County defendants’ authority to remove privately owned advertising bus benches from the public right of way that are constructed with Federal aid funds or which shall be designated Federal aid projects.
Section 3-12 of the Code of Metropolitan Dade County, Florida, prior to the aforementioned amendment read:
“Anything herein to the contrary notwithstanding, it shall be unlawful for any advertising structures, including bus benches, to be installed, constructed, maintained, located or operated within the rights of way of any streets, roads or highways within the territorial boundaries of Dade County, Florida, which shall have been constructed with Federal-Aid funds or which shall be designated as Federal-Aid projects, as determined by the Florida State Road Department. * * * H
The court finds that the bus benches in question are placed in the particular rights of way for the purpose of selling advertising space in order to reap the plaintiff a financial gain. The plaintiff prayed for damages based upon the county removing some of its benches from such rights of way, and the county has asked for a monetary decree to recover fees due it from July 1, 1963, to July 1, 1965, because, by way of Ordinance No. 64-57 (hereafter quoted), the County conditionally and retroactively legalized bus benches in the aforesaid rights of way, subject to the payment of a certain fee per bench.
In the case of Bus Benches Co. v. City of Miami, this court held Ordinance No. 63-18 (Section 3-12 of the Metropolitan Code) to be constitutional and applicable to this plaintiff. On appeal the trial court was sustained; City of Miami v. Bus Benches Co., Fla.App.1965, 174 So.2d 49. Moreover, in James J. James d/b/a Bus Bench Advertising, et al. v. O. W. Campbell, as County Manager of Dade County, et al., this court speaking through Judge Irving Cypen said, inter alia:
“Plaintiffs have contended in their complaint that Dade County has no jurisdiction over rights of way owned or maintained by the State Road Department. The Court cannot agree. Chapter 30302 Laws of Florida 1955 vests in the county exclusive control under regulations prescribed by the county commission over ‘structures or shelters erected for the comfort and convenience of the public or advertising thereon,’ and the Court holds that Dade County has exclusive jurisdiction and authority to permit and regulate bus benches upon all public rights of way within Dade County.
******
“The power to regulate includes the power to enforce and the county has the authority to enforce the provisions of this ordinance upon all rights of way within Dade County. It may well be that the power to enforce is not exclusively vested in the county but is concurrent with the authority of the State Road Department at least as to certain highways. The possible concurrent authority of the State Road Board to enforce this ordinance is not presented by this suit.
“Plaintiffs have, finally, contended that the county’s efforts to enforce this ordinance by picking up and removing benches that were not authorized by county permits were arbitrary, confiscatory and without authority. The Court finds all such enforcement efforts have been lawful and within the authority of the ordinance.
******
“Dade County has the power and jurisdiction to enforce the ordinance in question by removing benches not authorized by permits issued by the county pursuant to that ordinance.”
*526 On the appeal the decision was sustained in James v. Campbell, Fla.App.1960, 124 So.2d 512.
Furthermore, Dade County was given the right to regulate this type of private use of public property by Chapter 30302 Laws of Florida 1955.
Section 3-12 of the Code of Metropolitan Dade County, Florida, as amended by Ordinance No. 64-57 now reads:
“Anything herein to the contrary notwithstanding, it shall be unlawful for any advertising structures, including bus benches, to be installed, constructed, maintained, located or operated within the rights of way of any streets, roads, or highways within the territorial boundaries of Dade County, Florida, which shall have been constructed with Federal-Aid funds or which shall be designated as Federal-Aid projects, as determined by the Florida State Road Department, [provided however that bus benches located within such rights-of-way pursuant to permits lawfully issued under Chapter 33, Article XI, Metropolitan Code on or before July 1, 1963, may be maintained within such rights-of-way until July 1, 1965, if the permit fees established by Section 33-155, Metropolitan Code, have been paid or are paid within ten (10) days after the enactment of this section for the permit years beginning July 1, 1963, and July 1, 1964, and if the bus benches comply in all other respects with the requirements of Chapter 3 and Chapter 33, Article XI, Metropolitan Code.”]
The court is of the opinion that the bracketed portion of the above quoted regulation is unreasonable and arbitrary, and is retroactive in nature and thus invalid. On the other hand, considering that such portion is severable from the non-bracketed portion, the latter reading as Section 3-12 did prior to the amendment, the same is obviously a valid regulation and can be enforced by the County removing bus benches that are in violation of such valid portion. Bus Benches Co. v. City of Miami, supra.
Affirmed.